THE STATE OF FLORIDA *ex rel.* R. HUDSON BURR, A. S. WELLS, AND A. D. CAMPBELL, AS RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA, *Relators, v.* SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Respondent.*

En Banc.

Opinion Filed August 10th, 1926.

1. In mandamus, neither a demurrer to the answer nor a motion for the peremptory writ, the answer notwithstanding, admits either conclusions of law or conclusions of fact not sustained by facts properly alleged.

2. Although a motion for peremptory writ, the answer notwithstanding, is equivalent to a demurrer to the answer in the sense that each of those pleadings involves a determination of the sufficiency of the answer and admits the truth of all matters pleaded therein, the orders entered on those pleadings are essentially different in character.

3. A demurrer to an answer in mandamus contemplates an interlocutory order either sustaining or overruling the demurrer; and if the demurrer is sustained, leave to amend may be allowed in due course. .

4. A motion for peremptory writ of mandamus notwithstanding the answer, contemplates a final order either quashing or dismissing the alternative writ or granting the peremptory writ.

5. While, upon due applications, amendments of pleadings should be allowed to further the ends of justice, yet they should not be allowed when not duly applied for, or where the issues that were deliberately made have been finally adjudicated on full submission, or when the amendments can serve no useful purpose.

7. Where oil is transported in tank steamers from other States or countries to Florida ports and there unloaded into permanent storage tanks owned and maintained by the shippers for the purpose of reshipment as orders are received and not for the purpose of promoting the safe or convenient transit in continuous interstate movement, such reshipment from permanent storage tanks at the ports to interior Florida points, is intrastate and not interstate transportation.

WHITFIELD, J.—The respondents move for leave to file amended answers after peremptory writs of mandamus had been ordered. The relators contend that the motions should not be granted because not made at the proper time and because the proffered amended answers do not affect the merits of the controversy as adjudicated in final orders made.

In mandamus, neither a demurrer to the answer nor a motion for the peremptory writ, the answer notwithstanding, admits either nonclusions of law or conclusions of fact not sustained by facts properly alleged. Although a mo-

tion for peremptory writ, the answer notwithstanding, is equivalent to a demurrer to the answer in the sense that each of those pleadings involves a determination of the sufficiency of the answer and admits the truth of all matters pleaded therein, (State *ex rel.* Burr v. Seaboard Air Line Ry. Co.,........ Fla........., 104 South. Rep. 602) the orders entered on those pleadings are essentially different in character.

A demurrer to an answer in mandamus contemplates an interlocutory order either sustaining or overruling the demurrer; and if the demurrer is sustained, leave to amend may be allowed in due course. A motion for a peremptory writ of mandamus notwithstanding the answer, contemplates a final order either quashing or dismissing the alternative writ or granting the peremptory writ; and when such a motion for a final order is made, the respondent is thereby put on notice that if the answer is held to be insufficient a final order granting a peremptory writ follows as of course; and if the answer does not fully state the respondent's case, an application to amend the answer may then be made, for after a final order granting a peremptory writ is rendered, amendments are not usually permissable.

The decision rendered by this court herein was not upon demurrers to the answers, but upon motions for peremptory writs upon the pleadings. The respondents did not ask leave to amend their answers, but accepted the issue for a peremptory writ on the answers as filed. The decision that peremptory writs be issued was responsive to the issues as tendered, accepted, argued and submitted. The respondents did not present petitions for rehearing, after the rendition of the final order, but asked that the peremptory writs be not issued until respondents could apply to the United States Supreme Court for writs of certiorari to the final

orders of this court. This request was granted. Later
motions were made for leave to amend the answers. While,
upon due applications, amendments of pleadings should be
allowed to further the ends of justice, yet they should not
be allowed when not duly applied for, or where the issues
that were deliberately made have been finally adjudicated
on full submission, or when the amendments can serve no
useful purpose. The motions for leave to file amended
answers herein, made after the final orders were rendered
on issues duly tendered and accepted, do not deserve fav-
orable consideration.

The proposed amended answers aver in effect that the
petroleum products are shipped by tank steamers from
other States or countries to Florida ports and there un-
loaded into permanent storage tanks owned and maintained
by the shippers and that the shippers know and intend
from the inception of the shipment in other States or coun-
tries that nearly all of each cargo will be reshipped in tank
cars of respondent carriers from the shipper's permanent
storage tanks at the Florida ports to interior points for the
shipper's purpose of filling yearly contracts with the ship-
per's customers and of supplying distributing stations at
interior points.

But these averments do not meet and overcome the allega-
tions of the alternative writs that the oil is transferred
from the shipper's tank steamers to permanent storage
tanks owned and operated by the shippers at the Florida
ports, from which permanent storage tanks the oil is ship-
ped to interior points over respondents' rail lines as orders
therefor are received by the shippers from agents or cus-
tomers of the shippers.

Nor do the averments of the proposed amended answers
state facts showing that the shipments from the shippers'
permanent storage tanks at the Florida ports are portions

of continuous movements of definite portions of the oil from points of origin in other States or countries to interior points in Florida.

The unloading of the oil from the tank steamers into permanent storage tanks of the owners of the oil is for their own purposes of reshipment as orders are received and not for the purpose of promoting the safe or convenient transit in continuous interstate movement; therefore, the re-shipment is intrastate and not interstate. Motions for leave to file amended answers after peremptory writs had been ordered are denied.

BROWN, C. J., AND ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.